UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| KENNETH BARNES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Cause No. 1:12-CV-326 |
| | ) |
| WAL-MART STORES EAST, L.P., | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before the Court on Plaintiff Kenneth Barnes's motion for an extension of the discovery deadline,[1] arguing that the deadline should be extended to July 29, 2014, because a discovery issue became apparent only after discovery had closed. (Docket # 39.)  Defendant Wal-Mart Stores East, L.P., opposes the extension, arguing that Barnes's motion is untimely and that he has failed to show good cause to reopen discovery. (Docket # 40.)  Barnes has not filed a reply, and the time to do so has now passed.  Because Barnes's motion is untimely, and he has failed to show good cause and excusable neglect, his motion will be DENIED.

### *A. Factual and Procedural Background*

Barnes, initially proceeding *pro se*, filed this employment discrimination case on September 20, 2012. (Docket # 1.)  Some ten months later, on July 2, 2013, Barnes, now represented by counsel, filed an amended complaint, clarifying his claims and the identity of the Defendant. (Docket # 25.)  Of relevance here, the amended complaint alleges that Barnes's co-worker Eugene Scharpenberg received more favorable treatment.  (Am. Compl. ¶¶ 11-14.)

---

[1] Although Barnes's motion is entitled "Plaintiff's Motion for 45-Day Extension of Discovery Deadline," he is actually seeking a ninety day extension, that is, until July 29, 2014. (Docket # 39.)

On August 8, 2013, the Court adopted the report of the parties' planning meeting–setting April 30, 2014, as the discovery deadline–and made it an Order of the Court. (Docket # 38.)

Wal-Mart served its responses to Barnes's first discovery requests on February 3, 2014. (Dft.'s Resp. Ex. A ¶ 2.) These discovery requests sought information on Scharpenberg, but Wal-Mart objected to producing such information on the grounds that this claim was time-barred. (Dft.'s Resp. Ex. A ¶¶ 3-4.) Barnes did not challenge this objection or indicate that Wal-Mart's discovery production was otherwise deficient. (Dft.'s Resp. Ex. A ¶ 5.)

On April 29, 2014, the Court granted Wal-Mart's unopposed motion to extend the discovery deadline for the limited purpose of deposing Barnes. (Docket # 36.) In its motion, Wal-Mart explained that it had been unable to schedule Barnes's deposition despite repeated attempts over the previous two months. (Docket # 35.)

During Barnes's May 29, 2014, deposition, Wal-Mart explored his claims regarding Scharpenberg, and Barnes's counsel inquired off the record on why Wal-Mart was inquiring into Scharpenberg given its objection to producing any such documentation. (Dft.'s Resp. 3.) Wal-Mart explained that it planned on "seek[ing] dismissal of these claims on both procedural and substantive grounds." (Dft.'s Resp. 3.) The following day, a month after the close of discovery, Barnes filed the instant motion. (Docket # 39.)

### B. Applicable Law

Under Federal Rule of Civil Procedure 16(b), "[a] schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The good cause standard focuses on the diligence of the party seeking the extension. *Alioto v. Town of Lisbon*, 651 F.3d 715, 720 (7th Cir. 2011); *Smith v. Howe Military Sch.*, No. 3:96-CV-790RM, 1997 WL 662506,

2

at *1 (N.D. Ind. Oct. 20, 1997). To demonstrate good cause, a party must show that despite its diligence, the time table could not reasonably have been met. *Smith*, 1997 WL 662506, at *1.

Along with good cause, because Barnes's motion to extend the discovery deadline was untimely (filed a month after the deadline), he must also show "excusable neglect" under Federal Rule of Civil Procedure 6(b). *See Murphy v. Eddie Murphy Prods., Inc.*, 611 F.3d 322, 324 (7th Cir. 2010) ("A motion filed before the deadline may be granted 'for good cause'[;] a motion made after the time has expired may be granted only if 'the party failed to act because of excusable neglect.'" *Id.* (quoting Fed. R. Civ. P. 6(b)(1)(A)-(B))).

Excusable neglect is "a somewhat elastic concept," *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship* , 507 U.S. 380, 391 (1993), demanding an equitable determination that can "encompass situations in which the failure to comply with a filing deadline is attributable to negligence," *Robb v. Norfolk & W. Ry. Co.*, 122 F.3d 354, 355-56 (7th Cir. 1997) (quoting *Pioneer* , 507 U.S. at 394); *see also Commodity Futures Trading Comm'n v. Lake Shore Asset Mgmt. Ltd.*, 646 F.3d 401, 404-05 (7th Cir. 2011).

### *C. Analysis*

In an apparent effort to show good cause, Barnes sets forth two reasons why discovery should be reopened: (1) Wal-Mart's discovery questions regarding Scharpenberg are incompatible with its previous discovery objection and; (2) certain questions during the deposition inferred the existence of witnesses and documents that had not been previously disclosed. Because neither argument addresses Barnes's diligence, and the latter argument is speculative, his explanations fall short of showing good cause.

To begin with, Wal-Mart's objection to discovery requests concerning Scharpenberg did not render this subject off limits. To the contrary, Wal-Mart was entitled to explore the allegations set forth in Barnes's amended complaint, regardless of its discovery objections. Moreover, Barnes makes no effort to show that, despite his diligence, he could not meet the April 30, 2014, discovery deadline. *See Lapsley v. Fries*, No. 1:11-CV-99, 2012 WL 2721909, at *3 (N.D. Ind. July 9, 2012). Indeed, Barnes does not explain why he failed to challenge Wal-Mart's objection concerning Scharpenberg. Accordingly, Barnes's misplaced assumption that Wal-Mart would not explore these allegations during his deposition fails to establish good cause to reopen discovery.

Barnes's second argument, that questions during his deposition revealed the existence of undisclosed witnesses and documents, is similarly unpersuasive. As Wal-Mart points out in its response brief, Barnes fails to provide any elaboration or insight on the names of the purportedly undisclosed witnesses and what these secreted documents consist of. Barnes's speculative and unsupported conclusions that Wal-Mart failed to provide complete and accurate discovery fails to satisfy the good cause standard. *APC Filtration, Inc. v. Becker*, No. 07-CV-1462, 2009 WL 187912, at *1 (N.D. Ill. Jan. 26, 2009) (finding that "Defendants' unsupported speculation is not a proper ground on which to reopen discovery"); *see Lapsley*, 2012 WL 2721909, at *3 (denying motion to extend discovery deadline where plaintiff's counsel failed to elaborate on the efforts it took to conduct timely discovery); *Lackey v. Biomet Inc.*, No. 1:09-CV-363, 2011 WL 672589, at *3 (N.D. Ind. Feb. 17, 2011).

Considering Barnes's thin and unsupported excuses, he has failed to show good cause or excusable neglect for missing the April 30, 2014, discovery deadline. "[T]his Court takes

4

seriously the scheduling orders it issues—and so should the litigants." *S.E.C. v. Lipson*, No. 97 C 2661, 1999 WL 104357, at *2 (N.D. Ill. Feb. 24, 1999). "[A] scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Id*. (internal quotation marks and citation omitted); *see Custom Foam Works, Inc. v. Hydrotech Sys., Ltd.*, No. 09-cv-710-MJR, 2011 WL 2161106, at *3 (S.D. Ill. June 1, 2011) ("[D]eadlines have meaning and consequences.") (collecting cases). "One who decides to follow a schedule of his own devising, for reasons of his own invention, has no legitimate complaint when the tribunal adheres to the rules." *Vakharia v. Little Co. of Mary Hosp.*, No. 94 C 5599, 2002 WL 485362, at *5 (N.D. Ill. Mar. 29, 2002) (quoting *White v. Bensten*, 31 F.3d 474, 476 (7th Cir. 1994)).

### *D. Conclusion*

For the foregoing reasons, Barnes's motion for an extension of the discovery deadline (Docket # 39) is DENIED.

SO ORDERED.

Entered this 30th day of June 2014.

s/Roger B. Cosbey
Magistrate Judge
United States District Court
